**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-0287-DOC (KESx)            Date: April 20, 2017

Title: DEIDRE LEWIS V. QVC, INC.

PRESENT:

                 THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12]**

Before the Court is Plaintiff's Motion to Remand ("Motion") (Dkt. 23). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the moving papers and considering the parties' arguments, the Court DENIES Plaintiff's Motion.

**I.  Background**

     **A.  Facts**

The Court adopts the facts as set out in Plaintiff's Complaint ("Complaint") (Dkt. 1-1).[1]

On March 3, 2016, Plaintiff Deidre Lewis ("Plaintiff") was using a Cook's Essentials Programmable Pressure Cooker, Model CEPC600S ("Cooker") when it exploded. Compl. ¶ 8. Plaintiff suffered injuries from the explosion including a traumatic brain injury, second and third degree burns, and various orthopedic injuries. *Id.* ¶ 10. Plaintiff was also pregnant at the time of the explosion. *Id.* ¶ 11.

---

[1] As explained in detail below, although Plaintiff filed a First Amended Complaint in state court, it has not been properly filed with this Court. Therefore, the Court relies on the original Complaint.

Defendant QVC, Inc. ("QVC") designed, manufactured, and distributed the Cooker. *Id.* ¶ 9. Plaintiff alleges that the cooker contained a manufacturing defect when it left QVC's possession. *Id.* ¶ 14.

### B. Procedural History

Plaintiff filed this suit in the California Superior Court for the County of Orange on October 26, 2016 (Dkt. 1). Plaintiff filed a First Amended Complaint ("FAC") on February 8, 2017 (Dkt. 12-2), adding Spectrum Brands, Inc.; Salton, Inc.; QVC Ontario, LLC; and Pick Five Imports, Inc. ("Pick Five") as defendants to the action. Plaintiff did not serve the FAC on QVC or the added defendants until February 16 and 17, 2017, after QVC had already removed the action to the Central District of California (Dkt. 1).

Plaintiff brings the following claims: (1) strict products liability, manufacturing defect; (2) strict products liability, design defect; (3) strict products liability, failure to warn; and (4) negligence. *See* Compl.

On March 21, 2017, Plaintiff filed the instant Motion. QVC opposed on April 3, 2017 (Dkt. 14), and Plaintiff replied on April 10, 2017 (Dkt. 15).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Notice of removal must be filed within thirty days of receiving a copy of the original complaint, or "within 30 days after the service of summons upon the defendant, if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

### III.   Analysis

Plaintiff requests that this case be remanded to state court because there was not complete diversity between the parties at the time of removal. Mot. at 4. Plaintiff argues that while her original Complaint named only QVC as a defendant, her FAC added Pick Five, a California corporation, destroying diversity. Mot. at 4. Indeed, the presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of diversity jurisdiction over a matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

QVC argues that an unserved state-court pleading is "null and void on the date the action is removed to the federal court." Opp'n at 5 (quoting *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967)). QVC served Plaintiff with its Notice of Removal on February 16, 2017 at 4:28 p.m., and asserts that Plaintiff had not served Defendants notice of the FAC at that time. Opp'n at 3 (citing Declaration of Eileen Ahern (Dkt. 14-1) ¶ 5; *id.* Ex. D). That is correct: Pick Five received notice of the FAC on February 16, 2017 at 5:00 pm. *See id.* at 7; *see also* Declaration of Jennifer Hu (Dkt. 14-6) ¶ 5. The other Defendants received notice of the FAC on the next day, February 17, 2017. *See* Declaration of Nigel Stamp (Dkt. 14-15) ¶ 7; Declaration of John Misko (Dkt. 14-11) ¶¶ 6–7.

Both Ninth Circuit and California law are clear that an "amended pleading supersedes the original pleading." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Viera v. Viera*, 107 Cal. App. 2d 179, 180 (1951). "[A]fter amendment the original pleading no longer performs any function and is 'treated thereafter as non-existent.'" *Ferdik*, 963 F.2d at 1262 (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). However, courts in the Ninth Circuit have found that an amended complaint supersedes the original complaint "when the amended complaint is properly served, not when it is filed." *Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998); *see also Rangel v. Bridgestone Retail Ops., LLC*, 200 F. Supp. 3d 1024, 1029 n.2 (C.D. Cal. 2016); *Goel v. Coalition Am. Holding Co., Inc.*, No. CV 11-2349 GAF (Ex), 2011 WL 13128299, at *5 (C.D. Cal. May 19, 2011); *Goldberg v. Cameron*, No. 5:15-cv-02556-RMW, 2015 WL 5316339, at *2–3 (N.D. Cal. Sept. 11, 2015).

Finding an amended complaint superseded the original complaint immediately upon filing "would leave a case in a state of suspended animation in the interim between filing and service of the amended complaint . . . ." *Doe*, 27 F. Supp. 2d at 1180. Further, federal law requires a defendant wishing to remove a case to federal court to file its notice of removal within thirty days of receiving the initial state court pleading. 28 U.S.C. § 1446(b). If merely filing an amended complaint made the amended complaint the operative complaint, a plaintiff could

> effectively prevent a defendant from removing by filing and serving a complaint and then immediately filing, without serving, an amended complaint. Upon filing, the amended complaint would supersede the original complaint, and the defendant could no longer remove the case based on that complaint. Without having received the amended complaint, however, the defendant could not draft a notice of removal explaining why the amended complaint was also removable. The plaintiff could prevent removal by waiting to serve the amended complaint until the defendant's 30-day removal window after service of the initial complaint had lapsed**.**

*Goel*, 2011 WL 13128299, at *6. Such procedural manipulation is unacceptable, and this Court will not adopt such a rule.

Therefore, the Court finds that an amended complaint supersedes the original complaint only when the amended complaint is *served*. Because Plaintiff did not serve notice of the FAC on Defendants until after QVC removed the action to the District of California, the operative complaint is Plaintiff's original Complaint. Diversity jurisdiction therefore exists because QVC, a Delaware corporation with its principal place of business in Pennsylvania, is the only named Defendant, and Plaintiff is a resident of California. *See* Removal ¶¶ 6–7. In addition, the amount in controversy, although not specified in the Complaint, is almost certainly in excess of $75,000.00. *See id.* ¶¶ 13–18.

Accordingly, the Court DENIES Plaintiff's Motion to Remand for lack of diversity jurisdiction.

## IV. Disposition

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

The Clerk shall serve this minute order on the parties.