UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-00287-DOC-KESx                    Date:  June 19, 2017

Title: LEWIS v. QVC, Inc.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Denise Vo | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):  ORDER denying without prejudice joint request for entry of a protective order (Dkt. 26)

On June 16, 2017, the parties filed a stipulation seeking entry of a proposed protective order.  (Dkt. 26, 26-1.)

The parties' request is DENIED without prejudice to the parties resubmitting their request after revising the following terms:

(1) ¶ 7:  The proposed order does not presently allow for disclosure to the Court and its staff of materials marked "Attorneys Eyes Only."  Such disclosures may be necessary to rule on sealing applications or challenges to designations.

(2) ¶ 11:  This paragraph would impose certain obligations on all "recipients" of any Confidential Material, without an exception for the Court and its staff.  The Court's duties regarding confidential information are established by the Local Rules, not by protective orders.

(3) ¶¶ 13-14:  These paragraphs refer to the handling of Confidential Material at trial.  A protective order entered by a Magistrate Judge only governs pre-trial

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00287-DOC-KESx                                    Date: June 19, 2017
                                                                    Page 2

matters.  The trial judge will enter orders later addressing trial procedures and exhibits.

(4)  ¶ 17:  The following sentence purports to excuse compliance with subpoenas that may be issued in other cases: "The party receiving the Request shall be entitled to comply with it except to the extent the disclosing party or third party making the Confidential or Attorneys' Eyes Only Material designation obtains an order modifying or quashing the Request."   A protective order may not prospectively excuse any party from compliance with a court order issued in another case.

(5) ¶ 21:  This Court will not prospectively mandate a procedure for seeking the return or destruction of court records, or impliedly endorse the availability of such relief.  The parties should omit this sentence: To the extent a party requests the return of Confidential and Attorneys' Eyes Only Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief."

MINUTES FORM 11                                          Initials of Deputy Clerk: dv
CIVIL-GEN